UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEWIS KENNEDY, #602611,

        Petitioner,

v.
                              CASE NO. 2:17-CV-11578
                              HONORABLE NANCY G. EDMUNDS

SHANE JACKSON,

        Respondent.

_____/

**OPINION AND ORDER DENYING IN PART AND GRANTING IN PART
THE PETITION FOR A WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.      Introduction**

      This is a habeas case brought pursuant to 28 U.S.C. § 2254.  Michigan prisoner Ronald Lewis Kennedy ("Petitioner") was convicted of second-degree murder, MICH. COMP. LAWS § 750.317, assault with intent to murder, MICH. COMP. LAWS § 750.83, and domestic violence, third offense, MICH. COMP. LAWS § 750.81(4), following a jury trial in the Oakland County Circuit Court.  He was sentenced, as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 70 to 150 years imprisonment, 40 to 80 years imprisonment, and 3 to 15 years imprisonment on those convictions in 2013.

      In his pro se pleadings, Petitioner raises claims concerning the effectiveness of trial counsel, the conduct of the prosecutor, the effectiveness of appellate counsel, and the validity of his sentences.  For the reasons set forth, the Court grants habeas relief on the sentencing claim, in part, but denies habeas relief as to all of the other claims.  The Court

also denies a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

## II.  Facts and Procedural History

Petitioner's convictions arise from his fatal stabbing of his wife Jessica Kennedy's friend, Charles Shiffman, and the non-fatal stabbing of Jessica Kennedy as she was attempting to leave the marital home in Oakland County, Michigan on December 1, 2012. At trial, Shiffman's adult nephew, Jordan Jaime, testified that he drove Shiffman to the house to help Jessica Kennedy, witnessed the confrontation that occurred outside as he sat in his vehicle, and called 911.  Jessica Kennedy testified about the incident, as well as Petitioner's prior domestic abuse.  Petitioner's ex-wife, Rena Kennedy, testified about Petitioner's domestic abuse during their relationship.  The prosecution also presented recordings of Petitioner's jail calls to Jessica Kennedy and to his mother, expert testimony on domestic violence, testimony from the medical examiner and medical personnel who responded to the scene, and testimony from the investigating police officers and experts. Petitioner testified in his own defense at trial asserting that he acted in self-defense when he stabbed Shiffman and that he stabbed Jessica Kennedy during the struggle and did not intent to kill her.  The Court adopts the detailed statement of facts set forth in the prosecutor's brief on direct appeal to the extent that those facts are consistent with the record.  Pros. App. Brf., pp. 1-33 (ECF No. 11-14, Page ID.1063-1096).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals raising claims concerning the effectiveness of trial counsel, the conduct of the prosecutor, the trial court's exclusion of evidence about the victim, and the trial court's contradiction of the sequestration order.  The court denied relief on those

2

claims and affirmed his convictions and sentences.  *People v. Kennedy*, No. 316985, 2014 WL 6853000 (Mich. Ct. App. Dec. 4, 2014).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, as well as additional claims concerning the effectiveness of trial counsel.  The court denied leave to appeal in a standard order.  *People v. Kennedy*, 497 Mich. 1030, 863 N.W.2d 76 (2015).

Petitioner subsequently filed a motion for relief from judgment with the state trial court raising claims concerning the conduct of the prosecutor, the effectiveness of trial and appellate counsel, and the necessity of a remand for re-sentencing under *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015).  The court denied relief on those claims pursuant to Michigan Court Rule 6.508(D)(2) and (3) and on the merits.  *People v. Kennedy*, No. 2013-244509-FC (Oakland Co. Cir. Ct. March 25, 2016).  Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied because Petitioner "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  The court also noted that *Lockridge* is not retroactive to sentences on collateral review.  *People v. Kennedy*, No. 333655 (Mich. Ct. App. Aug. 10, 2016). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied.  *People v. Kennedy*, 400 Mich. 981, 893 N.W.2d 609 (2017).

Petitioner thereafter filed his pro se federal habeas petition.  He raises the following claims as grounds for relief:

I.       He was denied due process rights and the right to a fair trial where trial counsel's performance fell below an objective standard of reasonableness depriving him of the effective assistance of counsel.

a.       Trial counsel was ineffective for failing to challenge the effect of the inflammatory evidence of multiple domestic violence

3

assaults had on the non-domestic violence second degree murder charge as being more prejudicial than probative.

b.    Trial counsel was ineffective for failing to advise him of the proper sentencing guidelines if he were to lose at trial, as opposed to taking the plea deal offered, when counsel was advising him on the pursuit of jury trial.

c.    Trial counsel was ineffective for failing to present evidence of his mental health and mental impairment, by never having him evaluated psychologically.

d.    Trial counsel was ineffective for failing to investigate potential witnesses, specifically a medical expert, to refute the testimony pertaining to injuries of Jessica Kennedy, which resulted in counsel's failure to object to false testimony by Jessica Kennedy.

II.    His due process right to a fair trial was violated where the prosecutor engaged in misconduct during rebuttal arguments by arguing facts not in evidence and not correcting the false witness testimony regarding Jessica Kennedy's injuries.

III.    He was deprived the effective assistance of appellate counsel where appellate attorney Neal Szabo failed to investigate and acquire University of Michigan medical reports and file them in the court of appeals, thus rendering his main argument in his appeal moot due to incomplete information.

IV.    He is entitled to resentencing where the sentencing court failed to resolve challenges based upon materially inaccurate information in the presentence report depriving him of state and federal Sixth and Fourteenth Amendment requirements and he is entitled to remand for resentencing under *People v. Lockridge* and *Montgomery v. Louisiana* where the court engaged in judicial fact-finding that increased his sentencing range in violation of his Sixth Amendment rights.

Respondent filed an answer to the petition contending that it should be denied because certain claims are procedurally defaulted and all of the claims lack merit. Petitioner filed a reply to that answer.

**III.    Standard of Review**

4

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, sets forth the standard of review that federal courts must use when considering habeas petitions brought by prisoners challenging their state court convictions.  The AEDPA provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694.  However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision

must have been more than incorrect or erroneous.  The state court's application must have been 'objectively unreasonable.'"  *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.  "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'"  *Renico v. Lett*, 559 U.S. 766, 773 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The United States Supreme Court has held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)).  A habeas court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.  *Id*.  Thus, in order to obtain federal habeas relief, a state prisoner must show that the state court's rejection of a claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Id*.; *see also White v. Woodall*, 572 U.S. 415, 419-20 (2014).  Federal judges "are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong."  *Woods v. Donald*, 575 U.S. 312, 316 (2015).  A habeas petitioner cannot prevail as long as it is within the "realm of possibility"

6

that fairminded jurists could find the state court decision to be reasonable. *Woods v. Etherton*, _ U.S. _, 136 S. Ct. 1149, 1152 (2016).

Section 2254(d)(1) limits a federal court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer*, 538 U.S. at 71-72. Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 562 U.S. at 100. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16.

The requirements of "clearly established law" are to be determined solely by Supreme Court precedent. Thus, "circuit precedent does not constitute 'clearly established Federal law, as determined by the Supreme Court,'" and "[i]t therefore cannot form the basis for habeas relief under AEDPA." *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012) (per curiam); *see also Lopez v. Smith*, 574 U.S. 1, 2 (2014) (per curiam). The decisions of lower federal courts may be useful in assessing the reasonableness of the state court's decision. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams*

*v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Habeas review is also "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## IV.     Discussion

### A.     Ineffective Assistance of Trial Counsel Claims

Petitioner first asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to challenge the admission of his prior domestic violence assaults, for failing to properly advise him of the sentencing guidelines, for failing to evaluate him and present mental health evidence, and for failing to investigate a medical expert to testify about Jessica Kennedy's injuries. Respondent contends that a portion of these claims are procedurally defaulted and that all of them lack merit.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, a petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's

errors must have been so serious that they deprived the petitioner of a fair trial or a fair appeal. *Id*.

To satisfy the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id*. at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id*. at 689. There is a strong presumption that trial counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy.

As to the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome of the proceeding. *Id*. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 562 U.S. at 105 (internal and end citations omitted). "When § 2254(d) applies, the

9

question is not whether counsel's actions were reasonable.  The question is whether there

is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."  *Id*.

Petitioner first asserts that trial counsel was ineffective for failing to adequately

challenge the admission of his prior acts of domestic violence.  Petitioner raised this claim

on direct appeal and the Michigan Court of Appeals applied the *Strickland* standard and

denied relief.  The court explained in relevant part:

> Defendant argues that he was denied the effective assistance of counsel in the context of the admission of prior acts of domestic violence. The prosecution moved to admit evidence of defendant's prior acts of domestic violence under MCL 768.27b. Defense counsel objected, arguing that the evidence was not relevant to second-degree murder, that defendant intended to plead to domestic violence, and that defense counsel intended to argue that defendant's intent was less than intent to commit murder.
>
> The trial court found that the domestic violence evidence was relevant and not unfairly prejudicial to the assault with intent to murder charge (against defendant's wife). However, the trial court agreed that the evidence had no apparent relevance to the second-degree murder charge (against the male victim), and it posed a risk of unfair prejudice and confusion. However, the court found that a limiting instruction would suffice to alleviate any prejudice. The trial court thereafter gave a limiting instruction, informing the jury that it could consider the prior domestic violence evidence only in context of the assault with intent to murder charge, not second-degree murder.
>
> Defense counsel's performance did not fall below an objective standard of reasonableness. *Vaughn*, 491 Mich at 669. Defense counsel challenged the prosecution's actions, specifically arguing that the disputed evidence should be excluded. While defense counsel did not succeed in his objections, that is not the test for ineffective assistance of counsel. People v. Williams, 240 Mich App 316, 332; 614 NW2d 647 (2000) ("[t]he fact that the strategy chosen by defense counsel did not work does not constitute ineffective assistance of counsel.").
>
> Furthermore, the trial court agreed that the evidence was not relevant to the second-degree murder charge and was prejudicial. The trial court selected the remedy it deemed appropriate, namely, a limiting instruction. Defendant has not identified any further action his trial counsel could have taken to alter the trial court's ruling. *People v. Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004) (counsel is not ineffective for failing to follow a futile course of action). Because defense counsel challenged the disputed

evidence, there is no basis to conclude that he abdicated his role in providing effective assistance of counsel.

*Kennedy*, 2014 WL 6853000 at *1-2 (footnote omitted).

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The record reveals that trial counsel did object to the other acts evidence because it was irrelevant to the second-degree murder charge, Petitioner would plead guilty to the domestic violence charge, and he would challenge the intent element for the assault charge. Such an objection was reasonable. Moreover, the record reveals that the trial court agreed that the domestic violence evidence was irrelevant to the second-degree murder charge, but was relevant to the other charges, and issued a limiting instruction to the jury. Such action was sufficient to protect Petitioner's rights. Petitioner fails to show that additional argument by counsel on this issue would have affected the trial court's ruling or the outcome at trial. He thus fails to establish that trial counsel was deficient and/or that he was prejudiced by counsel's conduct in this regard. Habeas relief is not warrant on this claim.

Petitioner next asserts that trial counsel was ineffective for improperly advising him that he only faced a 30-year sentence on the second-degree murder charge if convicted at trial, as opposed to the 70 to 150-year sentence that he received, which led him to reject a plea offer with a 25-year maximum sentence for that offense. Petitioner raised this claim on direct appeal and the Michigan Court of Appeals denied relief. The court explained in relevant part:

"In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, _ US _; 132 S Ct 1376, 1384; 182 LEd2d 398 (2012). A defendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. *People v. Hoag*, 460 Mich 1, 6; 594 NW2d 57 (1999).

11

In the instant case, there is no record evidence to support defendant's claim. In fact, in a recorded jailhouse conversation, defendant referenced that he may be facing life imprisonment if convicted. Thus, the only record evidence indicates that defendant was aware of the consequences of a conviction. Accordingly, defendant has failed to establish the factual predicate for his claim.

*Kennedy*, 2014 WL 683000 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. Criminal defendants are entitled to the effective assistance of counsel during plea negotiations. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Trial counsel can be ineffective when his or her erroneous advice results in the rejection of a plea offer if the defendant would have otherwise accepted the plea bargain. *Lafler v. Cooper*, 566 U.S. 156, 162-63 (2012). In this case, Petitioner fails to establish that counsel was ineffective. He presents no evidence, other than his own assertions, to show that counsel misadvised him about his potential sentence if convicted of second-degree murder. It is well-established, however, that conclusory allegations without evidentiary support are insufficient to warrant federal habeas relief. *See, e.g., Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide a basis for an evidentiary hearing on habeas review). Petitioner's assertion about counsel's advice is also suspect given his vested interest in the matter. *See, e.g., McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) ("A reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause."). More importantly, Petitioner's assertion is belied by the

12

record which shows that he knew that he was charged as a fourth habitual offender and he admitted in a recorded jail call that he faced a life sentence.

Lastly, it is doubtful that Petitioner would have accepted the plea offer but for trial counsel's alleged conduct given that Petitioner asserted that he acted in self-defense and maintained his innocence throughout his trial and appeal. Petitioner thus fails to show that counsel was ineffective during the plea negotiation process. Habeas relief is not warranted on this claim.

Petitioner also asserts that trial counsel was ineffective for failing to investigate and evaluate his mental health, presumably in order to present some type of mental illness defense. Petitioner raised this claim on direct appeal and the Michigan Court of Appeals denied relief. The court explained in relevant part:

> The decision to pursue a particular defense is a matter of trial strategy, and defense counsel is not required to concoct a defense when none exists. *People v. Buie*, 298 Mich App 50, 66; 825 NW2d 361 (2012). "The role of defense counsel is to choose the best defense for the defendant under the circumstances." *People v. Pickens*, 446 Mich 298, 325; 521 NW2d 797 (1994). In this case, defendant told the police that he stabbed the male victim in a manner consistent with self-defense. Accordingly, defense counsel's self-defense strategy was reasonable in light of the evidence. Nor does defendant highlight any evidence demonstrating that defense counsel should have pursued some type of mental illness defense. In strategically choosing to pursue a self-defense theory, defense counsel was not ineffective. *Pickens*, 446 Mich at 325.

*Kennedy*, 2014 WL 683000 at *2.

The state court's decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. It is well-settled that defense counsel must conduct a reasonable investigation into the facts of a defendant's case, or make a reasonable determination that such investigation is unnecessary. *Wiggins*, 539 U.S. at

522-23; *Strickland*, 466 U.S. at 691; *Stewart v Wolfenbarger*, 468 F.3d 338, 356 (6th Cir. 2007); *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005).  The duty to investigate "includes the obligation to investigate all witnesses who may have information concerning . . . guilt or innocence."  *Towns*, 395 F.3d at 258.  That being said, decisions as to what evidence to present and whether to call certain witnesses are presumed to be matters of trial strategy.  When making strategic decisions, counsel's conduct must be reasonable. *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000); *see also Wiggins*, 539 U.S. at 522-23. The failure to call witnesses or present other evidence constitutes ineffective assistance of counsel only when it deprives a defendant of a substantial defense.  *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Hutchison v. Bell*, 303 F.3d 720, 749 (6th Cir. 2002).

In this case, the record indicates that trial counsel made a strategic decision to present a claim of self-defense based upon Petitioner's statements to police after the incident.  Such a strategy was reasonable under the circumstances.  The fact that counsel's strategy was ultimately unsuccessful does not mean that counsel was ineffective.  *See Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken").  While Petitioner contends that trial counsel should have investigated his mental health, he offers no affidavits or other evidence to show that such an investigation was warranted, that it would have led to favorable evidence, or that there was an expert who would have testified for the defense.  As discussed, conclusory allegations, without evidentiary support, do not provide a basis for habeas relief.  *See Cross*, 238 F. App'x at 39-40; *Workman*, 178 F.3d at 771; *see also*

14

*Washington*, 455 F.3d at 733.

Moreover, Petitioner was not deprived of a substantial defense. The record indicates that counsel presented a reasonable self-defense claim, which included Petitioner's own police statements and testimony, and that counsel made reasonable efforts to challenge the prosecution's case and to cast doubt upon the prosecution witnesses' version of events. Petitioner fails to establish that trial counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

Lastly, Petitioner asserts that trial counsel was ineffective for failing to investigate potential expert witnesses to refute testimony about the severity of Jessica Kennedy's injuries. Respondent contends that this claim is unexhausted and now procedurally defaulted because Petitioner first raised it in his motion for relief from judgment before the state trial court, but did not further pursue it before the Michigan appellate courts.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Furthermore, each issue must be presented to both the

Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner fails to show that he properly exhausted this claim in the state courts. While this claim in his motion for relief from judgment before the trial court, he did not fully exhaust the issue in the appellate courts. This claim is therefore unexhausted. Moreover, Petitioner no longer has an available means by which to exhaust his claims since he has already filed a motion for relief from judgment with the state trial court. Any attempt to file a second motion for relief from judgment would be futile. Under Michigan Court Rule 6.502(G)(1), a state criminal defendant is generally permitted to only file one post-conviction motion for relief from judgment. *Gadomski v. Renico*, 258 F. App'x 781, 783 (6th Cir. 2007); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). The unexhausted claim does not fall within the exceptions for filing a second motion.

Because Petitioner has not fully exhausted this claim in the state courts and no longer has an available remedy by which to do so, the claim is now defaulted. When a habeas petitioner fails to properly present a claim to the state courts and is barred from pursuing further relief under state law, he has procedurally defaulted that claim for purposes of federal habeas review. *See Gray v. Netherland*, 518 U.S. 152, 161-62

16

(1996); *Pudelski v. Wilson*, 576 F.3d 595, 605 (6th Cir. 2009) (citing *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002)).

Federal habeas relief is precluded on claims which have not been presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977). A state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996).

Petitioner fails to cause to excuse this procedural default. Any failings by appellate counsel with regard to direct appeal do not excuse Petitioner's failure to properly exhaust this claim in the appellate courts on collateral review. Moreover, a prisoner's pro se status or lack of knowledge about state court rules does not constitute cause to excuse a procedural default. *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995); *Robertson v. Abramajtys*, 144 F. Supp. 2d 829, 838 (E.D. Mich. 2001). Because Petitioner fails to establish sufficient cause to excuse his procedural default, the Court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527, 533 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the Court notes that Petitioner cannot establish prejudice as this claim lacks merit. While Petitioner asserts that medical records indicate that Jessica Kennedy only had one stab wound (contrary to her testimony that she had two), several pages of the medical records indicate that she, in fact, had two right flank stab wounds.

(ECF No. 1-2, PageID.247, 249, 253).  His claim is thus belied by the record.  Petitioner also fails to present an expert affidavit or other evidence to support this claim or to otherwise show that expert testimony regarding the extent of Jessica Kennedy's injuries would have affected the outcome at trial.  As discussed, conclusory allegations do not provide a basis for habeas relief.  *See Cross*, 238 F. App'x at 39-40; *Workman*, 178 F.3d at 771; *see also Washington*, 455 F.3d at 733.

Lastly, Petitioner fails to demonstrate that a fundamental miscarriage of justice has occurred.  The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of someone who is actually innocent.  *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).  To be credible, such a claim of actual innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial.  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Petitioner makes no such showing.  This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

### B.    Prosecutorial Misconduct Claims

Petitioner next asserts that he is entitled to habeas relief because the prosecutor engaged in misconduct by arguing facts not in evidence and by failing to correct Jessica Kennedy's testimony as to the extent of her injuries.  Respondent contends that these claims are unexhausted, procedurally defaulted, and/or lack merit.

Petitioner first alleges that the prosecutor argued facts not in evidence by arguing the that DNA evidence would not answer the question of where Shiffman was stabbed because the blood stains found in the home were transfers.  Respondent contends that

this claim is procedurally defaulted due to the lack of objection at trial.

Federal habeas relief may be precluded on a claim that a petitioner has not presented to the state courts in accordance with the state's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85-87 (1977); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). The doctrine of procedural default applies when a petitioner fails to comply with a state procedural rule, the rule is actually relied upon by the state courts, and the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006); *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005); *Coleman v. Mitchell*, 244 F.3d 533, 539 (6th Cir. 2001). "A procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 263-64 (1989). The last explained state court ruling is used to make this determination. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-05 (1991).

The Michigan Court of Appeals rendered the last reasoned opinion on this claim. In denying relief, the court relied upon the failure to object at trial. *Kennedy*, 2014 WL 6853000 at \*3. The failure to make a contemporaneous objection is a recognized and firmly-established independent and adequate state law ground for refusing to review trial errors. *People v. Carines*, 460 Mich. 750, 763, 597 N.W.2d 130, 138 (1999); *People v. Stanaway,* 446 Mich. 643, 687, 521 N.W.2d 557, 579 (1994); *see also Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). Moreover, a state court does not waive a procedural default by looking beyond the default to determine if there are circumstances warranting review on the merits. *Paprocki v. Foltz*, 869 F.2d 281, 285 (6th Cir. 1989). Plain error review does not constitute a waiver of state procedural default rules. *Girts v.*

*Yanai*, 501 F.3d 743, 755 (6th Cir. 2007); *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000).  Nor does a state court fail to sufficiently rely upon a procedural default by ruling on the merits in the alternative. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).  The Michigan Court of Appeals denied relief on this claim based upon a procedural default – the failure to object at trial.

As discussed, a state prisoner who fails to comply with a state's procedural rules waives the right to federal habeas review absent a showing of cause for noncompliance and actual prejudice resulting from the alleged constitutional violation, or a showing of a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 753; *Gravley*, 87 F.3d at 784-85.  To establish cause, a petitioner must establish that some external impediment frustrated the ability to comply with the state's procedural rule.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  A petitioner must present a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223 (1988).  Such reasons include interference by officials, attorney error rising to the level of ineffective assistance of counsel, or a showing that the factual or legal basis for a claim was not reasonably available.  *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

In this case, Petitioner fails to establish cause to excuse the failure to object at trial. While he might argue that trial counsel was ineffective as cause, such an argument is unavailing.  In order to establish cause to excuse a procedural default, such a claim of ineffective assistance of counsel must itself must be exhausted in the state courts.  *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).  Petitioner has not done so.  Moreover, even if Petitioner could establish cause, he cannot establish prejudice because the underlying prosecutorial misconduct claim lacks merit.

20

The United States Supreme Court has stated that prosecutors must "refrain from improper methods calculated to produce a wrongful conviction." *Berger v. United States*, 295 U.S. 78, 88 (1935). To prevail on a claim of prosecutorial misconduct, however, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citing *Donnelly*); *see also Parker v. Matthews*, 567 U.S. 37, 45 (2012) (confirming that *Donnelly/Darden* is the proper standard).

In this case, Petitioner fails to show that the prosecutor's conduct was improper, let alone unfair. As explained by the Michigan Court of Appeals on plain error review, the prosecutor's argument was supported by the testimony that the blood stains in the house were transfer stains made by Petitioner when he returned to the house after stabbing Shiffman. The prosecutor's argument that DNA evidence would be immaterial was thus based upon a reasonable inference from the evidence. *See Kennedy*, 2014 WL 6853000 at *3. While prosecutors may not misstate the evidence, *United States v. Carter*, 236 F.3d 777, 784 (6th Cir. 2001), or argue facts not in evidence, *Abela v. Martin*, 380 F.3d 915, 929 (6th Cir. 2004), they can make arguments based upon the evidence and have "'leeway to argue reasonable inferences from the evidence' during closing arguments." *United States v. Crosgrove*, 637 F.3d 646, 664 (6th Cir. 2011) (quoting *Byrd v. Collins*, 209 F.3d 486, 535 (6th Cir. 2000)). Such was the case here. Petitioner fails to establish that the prosecutor engaged in misconduct which rendered his trial fundamentally unfair.

Lastly, as previously discussed, Petitioner fails to demonstrate that a fundamental miscarriage of justice occurred. He makes no showing of actual innocence. This claim is thus barred by procedural default, lacks merit, and does not warrant habeas relief.

Petitioner also asserts that the prosecutor engaged in misconduct by failing to correct Jessica Kennedy's testimony about the extent of her injuries and the length of her hospital stay. Respondent contends that this claim is unexhausted and now procedurally defaulted and that it lacks merit.

As with Petitioner's claim that trial counsel was ineffective for failing to investigate potential expert witnesses to refute testimony about the severity of Jessica Kennedy's injuries, this claim is unexhausted because Petitioner failed to present it to the Michigan appellate courts on collateral review and is now procedurally defaulted. *See* discussion *supra*. Petitioner similarly fails to establish cause to excuse this default such that the Court need not address the issue of prejudice. *Id*.

Nonetheless, even assuming that Petitioner could establish cause, he cannot establish prejudice because this claim lacks merit. The Supreme Court has made clear that the "deliberate deception of a court and jurors by the presentation of known and false evidence is incompatible with the rudimentary demands of justice." *Giglio v. United States*, 405 U.S. 150, 153 (1972); *also Napue v. Illinois*, 360 U.S. 264, 271 (1959); *Coe v. Bell*, 161 F.3d 320, 343 (6th Cir. 1998). A habeas petitioner bears the burden of proving that the disputed testimony constitutes perjury. *Napue*, 360 U.S. at 270. To prevail on a claim that a conviction was obtained by evidence that the government knew or should have known to be false, a defendant must show that the statements were actually false, that the statements

were material, and that the prosecutor knew that the statements were false. *Coe*, 161 F.3d at 343.

Petitioner makes no such showing.  Jessica Kennedy's testimony regarding the extent of her injuries, e.g. the number of her stab wounds, was largely consistent with the medical records, *see* discussion *supra*, and the length of her hospital stay was immaterial. Moreover, any inconsistencies in her testimony do not establish that the prosecution knowingly presented perjured testimony.  The fact that a witness contradicts herself or changes her story does not establish perjury, *see, e.g., Malcum v. Burt*, 276 F. Supp. 2d 664, 684 (E.D. Mich. 2003), and mere inconsistencies in a witness's testimony do not establish the knowing use of false testimony by a prosecutor.  *Coe*, 161 F. 3d at 343. Petitioner fails to show that the prosecutor knowingly presented, or failed to correct, materially false testimony or otherwise engaged in actions that rendered his trial fundamentally unfair.

Finally, as previously discussed, Petitioner fails to establish that a fundamental miscarriage of justice occurred.  He makes no showing of actual innocence.  This claim is thus unexhausted and now procedurally defaulted, lacks merit, and does not warrant habeas relief.

### C.    Ineffective Assistance of Appellate Counsel Claim

Petitioner also assets that he is entitled to habeas relief because appellate counsel was ineffective for failing to obtain Jessica Kennedy's medical records in order to show that she provided perjured testimony about the number of stab wounds she suffered and the length of her hospital stay.  Respondent contends that this claim is unexhausted and now procedurally defaulted and that it lacks merit.

As with Petitioner's claim that trial counsel was ineffective for failing to investigate potential expert witnesses to refute testimony about the severity of Jessica Kennedy's injuries and his claim that the prosecutor engaged in misconduct by failing to correct false testimony, this claim is unexhausted because Petitioner failed to present it to the Michigan appellate courts on collateral review and is now procedurally defaulted. *See* discussion *supra*. Petitioner similarly fails to establish cause to excuse this default such that the Court need not address the issue of prejudice. *Id*.

Nonetheless, even assuming that Petitioner could establish cause, he cannot establish prejudice because this claim lacks merit. The right to the effective assistance of counsel includes the right to the effective assistance of appellate counsel on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate that appellate counsel's performance was deficient and that the deficient performance prejudiced the appeal. *Strickland*, 466 U.S. at 687.

It is well-established, however, that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the … goal of vigorous and effective advocacy …. Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908

24

F.2d 56, 59 (6th Cir. 1990).  In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail."  *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones*, 463 U.S. at 751-52).  "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002).

In this case, Petitioner fails to show that appellate counsel erred or that he was prejudiced by counsel's conduct.  Appellate counsel may have reasonably decided not to seek Jessica Kennedy's medical records because it was undisputed that she was stabbed and that she had to be hospitalized for medical treatment and because the number of her stab wounds and the time that she spent in the hospital was not critical to issues that counsel believed were more important on appeal.  Moreover, as discussed *supra*, the medical records confirm that Jessica Kennedy was hospitalized for several days and support her testimony that she suffered two stab wounds.  Petitioner fails to show that use of the medical records would have affected the outcome of his appeal, particularly given the significant evidence of his guilt presented at trial.  He thus fails to show that appellate counsel was ineffective.

Finally, as previously discussed, Petitioner fails to establish that a fundamental miscarriage of justice occurred.  He makes no showing of actual innocence.  This claim is thus unexhausted and now procedurally defaulted, lacks merit, and does not warrant habeas relief.

D.      **Sentencing Claim**s

Lastly, Petitioner asserts that he is entitled to habeas relief because the trial court erred in scoring the Michigan sentencing guidelines by considering inaccurate information and improperly relied upon facts neither admitted by him nor proven beyond a reasonable doubt in imposing his sentences in violation of his Sixth Amendment rights.  Respondent contends that these claims lack merit.

A sentence imposed within the statutory limits is generally not subject to federal habeas review.  *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999).  Claims which arise out of a state trial court's sentencing decision are not normally cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law.  *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner's sentences are within the statutory maximums for his offenses as a fourth habitual offender.  *See* MICH. COMP. LAWS §§ 750.317, 750.83, 750.814, 769.12. Consequently, his sentences are insulated from habeas review absent a federal constitutional violation.

As an initial matter, to the extent that Petitioner contests the trial court's scoring of certain offense variables under state law, he is not entitled to relief.  A claim challenging the scoring of the offense variables of the sentencing guidelines is not cognizable on federal habeas review because it is a state law claim.  *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cheatham v. Hosey*, 12 F.3d 211, 1993 WL 478854, *2

26

(6th Cir. Nov. 19, 1993) (departure from state sentencing guidelines is a state law issue not cognizable on federal habeas review); *see also Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). Alleged errors in scoring the offense variables and determining the sentencing guideline range do not warrant federal habeas relief. State courts are the final arbiters of state law and federal courts will not intervene in such matters. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review"); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

A sentence may violate federal due process, however, if it is carelessly or deliberately pronounced on an extensive and materially false foundation which the defendant had no opportunity to correct. *Townsend*, 334 U.S. at 741; *see also United States v. Tucker*, 404 U.S. 443, 447 (1972) (citing *Townsend*); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (defendant must have a meaningful opportunity to rebut contested sentencing information). To prevail on such a claim, a petitioner must show that the court relied upon the allegedly false information. *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984); *Draughn v Jabe*, 803 F. Supp. 70, 81 (E.D. Mich. 1992). Petitioner makes no such showing. He had a sentencing hearing before the trial court with an opportunity to contest the sentencing decision. Petitioner fails to establish that

the state court relied upon materially false or inaccurate information in imposing his sentences which he had no opportunity to correct.

Additionally, any claim that the state courts erred in interpreting state law and denying him a hearing or other relief under *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015), does not warrant federal habeas relief.  As discussed, it is well-settled that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw*, 546 U.S. at 76; *Sanford*, 288 F.3d at 860.  State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *Lewis*, 497 U.S. at 780; *Oviedo*, 809 F.2d at 328.  Habeas relief does not lie for perceived errors of state law. *Estelle*, 502 U.S. at 67-68.  Petitioner thus fails to state a claim upon which relief may be granted as to any such state law issues.

Petitioner, however, also asserts that the trial court relied upon judicially-found facts that were neither admitted by him nor proven to the jury beyond a reasonable doubt in scoring several offense variables of the Michigan sentencing guidelines in violation of his Sixth Amendment rights.  Petitioner raised this claim on collateral review and the state trial court and the Michigan Court of Appeals denied him relief, essentially ruling that *Lockridge* does not apply retroactively to his case. *See Kennedy*, No. 2013-244509-FC at pp. 4-6; *Kennedy*, No. 333655 at p. 1.  The state courts, however, did not address the federal aspect of this claim.  Accordingly, the Court must review the issue de novo.

Petitioner's Sixth Amendment sentencing claim arises from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, 570 U.S. 99 (2013).  In

28

*Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U .S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303.  In *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt.  *Alleyne*, 570 U.S. at 111-12.

In *Lockridge*, the Michigan Supreme Court held that, under *Alleyne*, the Michigan sentencing guidelines violate the Sixth Amendment because the guidelines "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 870 N.W.2d at 506.  The court's remedy was to make the guidelines advisory only.  *Id*. at 520-21.  The United States Court of Appeals for the Sixth Circuit has since issued a decision agreeing with *Lockridge* and ruling that *Alleyne* clearly established that Michigan's pre-*Lockridge* mandatory minimum sentencing guidelines scheme violated the Sixth Amendment.  *Robinson v. Woods*, 901 F.3d 710, 716-18 (6th Cir. 2018).  The Sixth Circuit explained that "[a]t bottom, Michigan's sentencing regime violated *Alleyne's* prohibition on the use of judge-found facts to increase mandatory minimum sentences." *Id*. at 716.  This Court is bound by the Sixth Circuit's decision.

*Alleyne* applies to Petitioner's case.  Petitioner was sentenced on June 19, 2013 and his direct appeal concluded in 2015.  *Alleyne* was decided on June 17, 2013.  *Alleyne* was thus clearly established law before Petitioner's convictions and sentences became final and it governs his sentencing.  Consequently, the Court concludes that Petitioner is entitled to habeas relief, in part, on his sentencing claim because "*Alleyne's* holding rendered Michigan's then-mandatory sentencing regime unconstitutional..."  *Id.* at 715.  Accordingly, the Court shall grant Petitioner habeas relief on his *Alleyne* claim and order the State to conduct a re-sentencing procedure in conformity with the Sixth Circuit's decision in *Robinson*.  *Id.* at 718; *see also Morrell v. Burton*, No. 2:17-CV-10961, 2020 WL 59700, *3-4 (E.D. Mich. Jan. 6, 2020) (Steeh, J., granting habeas relief on similar claim).

## V.     Conclusion

For the reasons stated, the Court concludes that Petitioner is entitled to habeas relief on his sentencing claim, in part, but is not entitled to habeas relief on the remainder of his claims.  Accordingly, the Court **CONDITIONALLY GRANTS IN PART** the habeas petition as to the *Alleyne* sentencing claim, but **DENIES** the habeas petition as to the remaining claims and **DISMISSES WITH PREJUDICE** those claims.  If the State fails to take action to re-sentence Petitioner within 120 days of the filing date of this decision, he may seek an unconditional writ releasing him from custody.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue only if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies habeas relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists

would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack*, 529 U.S. at 484-85. The Court concludes that Petitioner fails to make a substantial showing of the denial of a constitutional right as to his habeas claims (other than the *Alleyne* sentencing claim) and that reasonable jurists could not debate the correctness of the Court's procedural rulings. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* FED. R. APP. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED**.

;s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

Dated: July 14, 2020